UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-20550-CIV-MORENO**

JOHN MERCER,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof **(D.E. No. 25)**, filed on **November 14, 2008**.

THE COURT has considered the motion, response, reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED** for the reasons stated below.

### I.  Background

Plaintiff John Mercer was a passenger aboard Defendant's cruise ship, the Carnival Ecstasy.  After finishing a shower in the bathroom of his cabin, he stepped out of the shower and dried off using a towel.  He then placed the same towel on the ground and stepped on it in an attempt to dry off his feet.  Next, he stepped out of the bathroom and onto the hardwood floor of the cabin, where he slipped and fell, injuring his back.  As he had not slipped on the hardwood floor prior to this time, he assumed that there was some moisture on the bottom of his feet which

caused the fall.  After the injury, he signed a guest injury statement and the cabin steward placed a rubber floor mat on the hardwood floor of his cabin.

Plaintiff then brought this action against Defendant for negligence, alleging that Defendant breached the duty owed to Plaintiff by failing to exercise reasonable care and thereby creating a dangerous condition and by failing to warn him of the slipperiness of the floor. Defendant moved for summary judgment, alleging that the undisputed material facts establish that Plaintiff's fall was not due to any negligence by Defendant, but rather was expressly attributable to Plaintiff's failure to properly dry his feet after his shower.

## II.  Summary Judgment Standard

Summary judgment is authorized where there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position.  A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

Plaintiff maintains that summary judgment is inappropriate because there remain genuine issues of material fact.  However, although the Court views all facts in the light most favorable to Plaintiff, it finds that Plaintiff still fails to provide the facts necessary to support his contention.

-2-

### III.  Applicable Law

The analysis of Defendant's Motion for Summary Judgment is governed by federal maritime law as this case arises from alleged torts accruing on navigable waters.  *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989).  In the absence of applicable maritime law, courts are free to apply the reasoning used in other federal circuits.  *Isbell v. Carnival Corp.,* 462 F.Supp.2d 1232, 1236 (S.D. Fla. 2006).

To satisfy the burden of proof in a negligence action, Plaintiff must show: (1) that Defendant owed Plaintiff a duty; (2) that Defendant breached the duty; (3) that the breach was the proximate cause of Plaintiff's injury; and (4) that Plaintiff suffered damages.  *Hasenfus v. Secord,* 962 F.2d 1556, 1559-60 (11th Cir. 1992).  Cruise ship operators such as Defendant owe their passengers the duty to exercise reasonable care under the circumstances.  *Kermerec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 630 (1959).  The cruise ship operator is not, however, the insurer of the safety of the passengers, and does not become liable merely because an accident occurs.  *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, n.1 (S.D. Fla. 1986).

### IV.  Analysis

Plaintiff fails to provide sufficient evidence to support his negligence action against Defendant as he fails to show how Defendant breached its duty of care to Plaintiff.  Plaintiff alleges that Defendant breached its duty of care by creating a dangerous condition outside of the bathroom and by failing to warn him of the slipperiness of the floor.

The benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing

liability, that the carrier have had actual or constructive notice of the risk-creating condition.

*Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).  Plaintiff alleges that

Defendant had actual or constructive notice of the dangerous propensities of high gloss hardwood

floors being in close proximity to the bathroom.  Therefore, Plaintiff argues, Defendant breached

its duty of care by failing to either place a floor mat on the hardwood floor in the area outside the

bathroom or to make that surface an anti-skid surface.

Plaintiff, however, fails to provide any evidence to support his contention that Defendant

had notice of the allegedly dangerous condition.  Instead, Plaintiff merely states that, due to the

close proximity of the hardwood floor to the bathroom, Defendant must have known that

moisture might accumulate on the hardwood floors or that passengers might walk around with

wet feet, and that it would create a dangerous condition.  Plaintiff provides no facts to show that

Defendant had notice and cites no case to show that he could assume Defendant had notice.

Thus, Plaintiff has failed to show that Defendant had any notice of an allegedly dangerous

condition.  *See Keefe*, 867 F.2d 1318 (holding that actual or constructive notice of the risk

creating situation was necessary for the shipowner to be liable where passenger slipped on

slippery dance floor).  Further, the fact that the accident itself occurred or that a rubber floor mat

was placed in Plaintiff's cabin after the accident, does not show that Defendant had prior notice

of an allegedly dangerous condition.  *Isbell v. Carnival Corp.,* 462 F.Supp.2d 1232, 1237 (S.D.

Fla. 2006).  In fact, the only evidence regarding Defendant's knowledge suggests that Defendant

had no knowledge of the allegedly dangerous condition:  Franklin Cadayday, Defendant's

Assistant Chief Security Officer, stated that he had encountered no other incidents where

passengers or crew members slipped and fell on the hardwood floors outside the bathroom. Cadayday Deposition at 63-64.  Plaintiff has failed to provide any factual support for his allegation that Defendant had notice of the allegedly dangerous condition and therefore has failed to show that Defendant breached its duty of care to Plaintiff.

In addition, Plaintiff fails to show that Defendant breached its duty of care by failing to warn him of the slipperiness of the floor.  Again, the applicable standard of reasonable care requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the dangerous condition.  *Keefe*, 867 F.2d at 1322.  Plaintiff, however, provides no factual support for his allegation that Defendant had any notice of the allegedly dangerous condition.  Furthermore, while there is a duty to warn the passengers of dangers, this obligation extends only to those dangers that are not apparent and obvious to the passenger.  *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, n.1 (S.D. Fla. 1986).  Plaintiff stated that he is aware of the need to dry his feet before stepping out of the shower and on to the floor and he does so before he steps out of the shower and on to the tile floor of his home.  Plaintiff Deposition at 87, 88, 92.  As Plaintiff himself was aware of the danger of walking out of the shower without properly drying his feet, the danger was clearly apparent and obvious.  Therefore, Plaintiff failed to show that Defendant breached its duty of care to Plaintiff.

## V.  Conclusion

After viewing all facts in the light most favorable to Plaintiff, the Court finds that there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

Plaintiff has failed to show that Defendant breached its duty of care to Plaintiff and his claim for negligence must fail.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of February, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

-6-